**UNITED STATES of America,**
**Appellee,**

**v.**

**James COLON, Defendant,**

**Xue Yu Lin, Defendant–Appellant.**

**No. 99–1591.**

United States Court of Appeals,
Second Circuit.

Argued: Feb. 24, 2000

Decided: July 10, 2000

Louis R. Aidala, Law Office of Louis R. Aidala, New York, New York, for Defendant–Appellant.

Matthew L. Biben, Assistant United States Attorney for the Southern District of New York (Mary Jo White, United States Attorney; George S. Canellos, Assistant United States Attorney, on the brief), New York, New York, for Plaintiff–Appellee.

Before: STRAUB and SOTOMAYOR, Circuit Judges, and HURD, District Judge.*

HURD, District Judge:

Xue Yu Lin appeals from the October 5, 1999, judgment of the United States District Court for the Southern District of New York (Scheindlin, J.), sentencing her principally to one year and one day of imprisonment and two years of supervised release. Because we find no abuse of discretion or clear error in the sentence imposed by the district court, we affirm. We address also Lin's contention that the Government breached the terms of the plea agreement between the parties by arguing on this appeal a contrary position to that which the plea agreement required the Government to take at sentencing, an issue of first impression. We hold that the Government may argue on appeal a position contrary to that which the plea agreement required it to take at sentencing.

## BACKGROUND

In 1999, Xue Yu Lin, along with her husband and co-defendant James Colon, was charged with conspiracy to smuggle aliens from the People's Republic of China, through Mexico, into the United States. Lin assisted in making arrangements for the smuggling, including interpreting and housing aliens at her residence. Lin was also paid for her participation in the smug-

* David N. Hurd, United States District Judge for the Northern District of New York, sitting by designation.

gling scheme, which occurred from July 1995 through April 1996.

Lin pleaded guilty to one count of conspiracy to commit alien smuggling in violation of 18 U.S.C. § 371 and 8 U.S.C. § 1324(a)(1)(A)(i)-(iii), pursuant to a plea agreement reached with the Government. The plea agreement stipulated that Lin's adjusted offense level was 10. Lin's base offense level was 12 pursuant to the U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2L1.1(a). The adjusted offense level reflected a three level enhancement for smuggling more than six but less than twenty-four aliens as required by U.S.S.G. § 2L1.1(b)(2)(A), a two level decrease for acceptance of responsibility pursuant to § 3E1.1(a), and a three level decrease for mitigating role in the offense pursuant to § 3B1.2. The mitigating role decrease reflected the parties' determination that Lin was less than a minor participant but more than a minimal participant in the offense. Taking into account appellant's Criminal History Category I, her Zone of B, and the adjusted offense level of 10, the plea agreement stipulated a Guidelines range of six to twelve months of imprisonment. Under the stipulated sentencing range, Lin would have been eligible for probation (with specified conditions). The parties agreed that neither would seek any departure or adjustment not set forth in the plea agreement.

Lin waived her right to appeal any sentence within or below the stipulated sentencing range and the Government agreed not to appeal any sentence within or above the stipulated sentencing range. Moreover, the parties agreed that any appeal of Lin's sentence not foreclosed by the plea agreement would be limited to one inconsistent with or not addressed by the agreement. The parties reserved the right to answer inquiries and make all appropriate arguments should the probation office or district court contemplate sentencing calculations different from those stipulated in the plea agreement. Finally, by executing the plea agreement, the parties indicated their understanding that neither the probation office nor the sentencing judge was bound by the terms of the plea agreement.

The probation office, in preparing its Presentence Investigation Report, relied upon the same facts[1] regarding the smuggling conspiracy as did the Government and Lin in reaching the plea agreement. However, the probation office determined that Lin was not a minor or minimal participant in the offense, and therefore not eligible for a three level reduction pursuant to U.S.S.G. § 3B1.2. According to the probation office's analysis, which in all other respects mirrored that in the plea agreement, Lin's adjusted offense level was thirteen. Accordingly, her sentencing range was twelve to eighteen months. The probation office recommended a sentence of principally one year and one day of imprisonment.

At sentencing, Lin's counsel objected to the probation office's determination that Lin was not eligible for the three level mitigating role reduction.[2] The Government relied upon its plea agreement. The district court agreed with the probation office's recommendation, however, and found that Lin was neither a minimal nor minor participant in the offense and declined to grant the mitigating role downward adjustment. Accordingly, the district court imposed a sentence of principally one year and one day of imprisonment. This appeal followed.

---

**1.** Included in the Presentence Investigation Report were facts regarding a previous alleged marriage fraud scheme for which Lin was never charged or indicted. Lin objected to inclusion of those facts in the Presentence Investigation Report. The district court assured the parties at sentencing that only the facts pertaining to the alien smuggling offense were considered in determining what sentence to impose.

**2.** Lin also objected to other portions of the Presentence Investigation Report not pertinent to this appeal.

## DISCUSSION

### A. Downward Adjustment of Offense Level

 Lin contends that the district court erred and abused its discretion in not granting a three level downward adjustment reflecting her less than minor but more than minimal participation in the offense. A defendant has the burden of proving by a preponderance of the evidence her entitlement to a mitigating role downward adjustment under U.S.S.G. § 3B1.2. *See United States v. Gomez,* 31 F.3d 28, 30–31 (2d Cir.1994). This court reviews the district court's determination as to the defendant's role for clear error, *see id.* at 31, and reverses the district court's conclusion only for abuse of discretion, *see United States v. Aponte,* 31 F.3d 86, 88 (2d Cir.1994).

 The district court properly considered the facts and did not err or abuse its discretion in refusing to grant a reduction in Lin's sentence based upon the role she played in the alien smuggling conspiracy. As the district court observed, a defendant must be "substantially less culpable than the average participant" in such a conspiracy to merit a downward adjustment under § 3B1.2. *United States v. Lopez,* 937 F.2d 716, 728 (2d Cir.1991). At sentencing, the district court referred to specific facts supporting the determination that Lin's role in the offense was not minor, including her helping to coordinate the smuggling scheme, housing smuggled aliens, and being paid for her participation in the conspiracy. There was no clear error in the district court's application of the Sentencing Guidelines to these facts, *see Gomez,* 31 F.3d at 31, and no abuse of discretion, *see Aponte,* 31 F.3d at 88. Accordingly, because we find no basis in the record to overturn this determination, we affirm the sentence imposed by the district court.

### B. Propriety of the Government's Argument on Appeal

 Whether the Government may properly argue on appeal a position that its plea agreement prohibited it from arguing at sentencing is an issue of first impression in this Circuit, as previously noted. Lin contends that the Government's argument on appeal in support of a district court finding that is contrary to a stipulation in the parties' plea agreement constitutes a breach of that plea agreement. On the other hand, the Government asserts that the plea agreement does not encompass any position the parties might take on appeal, language in the agreement in fact supports its position on appeal, and it has an ethical and legal obligation to address the issue presented to this Court. The Government avers that it continues to believe the facts in this case warrant a mitigating role downward adjustment, as stipulated in the plea agreement. However, the Government posits that the district court's judgment can be supported on the facts and the law, and therefore it may make that argument here.

 Plea agreements are interpreted in accordance with contract law principles. *See United States v. Altro,* 180 F.3d 372, 375 (2d Cir.1999) (citing *United States v. Rodgers,* 101 F.3d 247, 253 (2d Cir.1996)). The court looks to the reasonable understanding of the parties as to the terms of the agreement in determining whether a plea agreement has been breached. *See id.* (citing *Rodgers,* 101 F.3d at 253). Any ambiguities in the agreement must be resolved against the government. *See id.* (citing *Rodgers,* 101 F.3d at 253); *United States v. Feigenbaum,* 962 F.2d 230, 234 (2d Cir.1992).

Here the plea agreement is not ambiguous and a reasonable reading of the agreement supports the government's position on appeal. It stipulates to a certain guidelines range and provides that neither the probation office nor the district court is bound by that stipulation. The plea agreement provides that neither party will seek or suggest any departures from the stipulated guidelines range, a provision Lin does not argue was breached by the Gov-

ernment. The only provision in the plea agreement specifically regarding appeals relates solely to circumstances under which either party would be permitted to appeal a sentence imposed. This provision, limiting the circumstances when an appeal could be taken, does not encompass any other aspect of the appeal process. Moreover, the plea agreement provides that if the probation office or the district court contemplates any sentencing calculations different from those stipulated, "the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same." Thus, the plea agreement cannot be reasonably understood to prohibit the Government's current argument on appeal, and the Government has not breached the plea agreement by making such argument.

Our and other circuits' close reading of plea agreements supports this result. The case most closely on point is *United States v. Griswold*, 57 F.3d 291 (3d Cir.1995). In *Griswold*, the parties, by plea agreement, stipulated that Griswold's eight firearms offenses constituted a single group for offense level calculations. *See id.* at 294. At sentencing, however, the district court accepted the probation office's conclusion that the eight firearms offenses constituted five separate groups. *See id.* Griswold argued on appeal that the government "totally repudiated" the plea agreement. *Id.* at 298. The Third Circuit noted that the plea agreement provided that " 'nothing in this agreement shall limit the government in its comments in, and responses to, any post-sentencing matters.' " *Id.* (quoting Appendix on Appeal). Accordingly, the court found that "the government did not act contrary to the plea agreement when, on appeal, it argued that the district court did not err" in calculating the offense level.[3] *Id.* at 298–99.

While the explicit provision, allowing unlimited "post-sentencing" arguments distinguishes the *Griswold* plea agreement from the agreement in this case somewhat, their import is the same. Neither the plea agreement in *Griswold*, nor the plea agreement in this case, can reasonably be understood to prohibit a contrary argument on appeal. In fact, as in *Griswold*, the provision allowing the parties to answer inquiries and make appropriate arguments, should the district court or probation office contemplate sentencing calculations different from those to which the parties stipulated, reasonably supports the proposition that a contrary argument on appeal is permissible under the plea agreement. *See Altro*, 180 F.3d at 375 (concluding that, as "nothing in the written plea agreement could reasonably be viewed as foreclosing the Government's subpoena of Altro to testify before the grand jury," the government did not breach the agreement by doing so); *United States v. Lawlor*, 168 F.3d 633, 636–37 (2d Cir.1999) (holding in part that the government did not breach a plea agreement stipulating to application of a particular guidelines section by failing to object to the Presentence Report's contrary recommendation, because "neither the stipulation nor any language in the remainder of the agreement obligated the government to object"); *Rodgers*, 101 F.3d at 253 (noting that the government fulfilled its obligation under the plea agreement to recommend a downward adjustment and nothing in the agreement prohibited "the government from presenting relevant aggravating circumstances to the sentencing court, and nothing barred the government from encouraging defrauded victims to voice their views on Rodgers's sentence").

The conclusion that the Government may argue on appeal that the district court did not err in its sentencing calculation,

---

3. The court in *Griswold* rejected the contention that the government's conduct at sentencing was inconsistent with the terms of the plea agreement. *See id.* In a footnote the court also noted that at sentencing the government stated that it was not waiving the right to argue on appeal that the district court's grouping was correct. *See id.* at 299 n. 10.

despite the fact that the district court's calculation was different than the stipulation of the parties in the plea agreement, is bolstered by our similar decision in *Feigenbaum.* In that case, the Government opposed defendant's motion to vacate or reduce his sentence, brought under Fed. R.Crim.P. 35, despite having executed a plea agreement requiring neutrality on the sentence to be imposed. *See Feigenbaum,* 962 F.2d at 233–34. We held that a commitment "to make no recommendation at the time of sentencing" could not be "reasonably understood to preclude the Government from opposing an attempt to have the sentence reduced after it had been imposed." *Id.* at 234 (internal citations and quotations omitted); *see United States v. Alegria,* 192 F.3d 179, 185 (1st Cir.1999) (explaining its finding in *United States v. Burns,* 160 F.3d 82, 83 (1st Cir.1998), that where a plea agreement precluded the government from making a sentence enhancement recommendation "at sentencing," it could argue in favor of the enhancement on appeal without violating the plea agreement).

Indeed, the principle of *Feigenbaum* distinguishes this case from the second part of our holding in *Lawlor,* 168 F.3d 633, which Lin urges us to follow. In *Lawlor,* the government argued at sentencing a position contrary to that which it had agreed to in the plea agreement. *See id.* at 637. Specifically, the Government at sentencing concurred with the application of a guideline provision that was recommended by the probation office but was in contravention of the plea agreement, and we found that the Government had thereby breached the agreement. *See id.* Additionally, we noted that "[a]t the very least, to avoid any potential contravention of the plea agreement, the government should have informed the District Court that it could not take a position with respect to" the issue. *Id.* By contrast, at issue here is the government's position on appeal after the district court applied a sentencing calculation contrary to that which the government supported (in accor-

dance with its plea agreement) at the time of sentencing. The plea agreement at issue here did not obligate the government to advocate a position on any issue on appeal, nor to abstain from doing so. Accordingly, the reasoning of *Lawlor* cannot be applied in this case.

The consistent reasoning of the above-cited cases also gives force to the Government's observation that it has a legal and ethical obligation to state its views as to the propriety of a district court's sentencing determination. To hold otherwise would deprive this Court of the Government's frank assessment of the legal issues before it and negatively affect the full exposition of views on criminal appeals.

## CONCLUSION

Based upon the foregoing, we conclude that there was no clear error or abuse of discretion in the district court's denial of a mitigating role downward adjustment in calculating Lin's offense level. The Government's argument on appeal, while contrary to that stipulated in the plea agreement and argued at sentencing, does not constitute a violation of the plea agreement. Accordingly, the judgment of the district court is affirmed.