UNITED STATES of America,
Appellee,

v.

Robert BEGLEITER, Defendant–
Appellant.

Docket No. 01–1455.

United States Court of Appeals,
Second Circuit.

April 17, 2002.

Thomas F. Liotti, Esq.; Kevin C. Palmeri, on the brief, Garden City, NY, for Appellant.

Leonard Lato, Assistant United States Attorney; Alan Vinegrad, United States Attorney for the Eastern District of New York, Peter A. Norling, Assistant United States Attorney, on the brief, Brooklyn, NY, for Appellee.

Present WALKER,Chief Judge, NEWMAN, and KEARSE, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED in part and REVERSED in part and REMANDED for further proceedings consistent with this order.

Defendant-appellant Robert Begleiter appeals from the August 22, 2001 judgment of the district court finding Begleiter guilty, following his guilty plea, of one count of credit card fraud committed while Begleiter was on bail, in violation of 18 U.S.C. §§ 1029(a)(5) and 3147(1). Begleiter was sentenced principally to thirty-seven months' imprisonment, criminal forfeiture in the amount of $160,000, and restitution in the amount of $81,581.59.

After his third arrest for credit card fraud, Begleiter signed a plea agreement in which he agreed, among other things, to

waive indictment and plead guilty to one count of credit card fraud committed while on bail. The second paragraph of the plea agreement states that the United States Attorney's Office ("Office" or "government") "estimates the likely adjusted offense level under the Sentencing Guidelines to be level 15," based in part on a seven-level enhancement for a loss of over $120,000 in connection with Begleiter's credit card fraud. Under this estimated likely level, Begleiter was exposed to a range of imprisonment of eighteen to twenty-four months. The plea agreement further provides that this "estimate . . . is not binding on the Office, the Probation Department or the Court," and that Begleiter would not be allowed to withdraw his plea even if a different offense level were advocated by the Office or determined by the Probation Department. At Begleiter's plea allocution, the district court twice asked him whether he understood that the Guidelines estimate in the plea agreement was not binding on the Office, the Probation Department, or the district court. Begleiter answered in the affirmative both times.

The Presentence Report did recommend a different Guidelines estimate. In Begleiter's Presentence Report, certain government agents advised the Probation Department that "[e]vidence suggests that Begleiter processed $854,902.66 in unauthorized credit card transactions." Because the applicable Guideline measures the loss incurred in credit card fraud based on the amount of transactions processed by the defendant, see U.S.S.G. 2F1.1 cmt. 17, the Presentence Report used this higher figure, rather than the $120,000 figure of reported loss used in the plea agreement. As a result of this calculation, the Presentence Report recommended an offense level four levels above the estimation in the plea agreement, exposing Begleiter to a term of imprisonment ranging from thirty to thirty-seven months rather than the eighteen to twenty-four month range in the plea agreement.

Seeing that the district court was inclined to adopt the recommendation in the Presentence Report, Begleiter complained that he had been duped by the government and asked the district court to "enforce" the plea agreement. Noting that the plea agreement plainly stated that the Guidelines estimate was not binding, the district court refused. But, with the consent of the government, the district court offered Begleiter several options. Begleiter could withdraw his plea, even though he was not allowed to do so under the terms of the plea agreement, or he could have a *Fatico* hearing as to the amount of the loss. Unwilling to withdraw his plea, Begleiter initially opted for a hearing. However, in a letter submitted prior to sentencing, Begleiter informed the court that he did not wish to have the hearing on the amount of loss. At his sentencing hearing, Begleiter also renewed his request for a downward departure because of the harshness of the conditions of his pretrial detention and requested that his bail be exonerated. When the district court offered to hold a hearing on the downward departure, Begleiter declined and the motion was denied. The district court also refused to exonerate Begleiter's bail.

On appeal, Begleiter claims that the district court erred by refusing to (1) sentence him according to the Guidelines estimate in the plea agreement; (2) grant a downward departure on the basis of the harsh conditions of Begleiter's pretrial detention; and (3) exonerate his bail. We agree with the parties that the district court erred by refusing to exonerate Begleiter's bail. Begleiter's other claims are without merit.

In urging this court to "enforce" the plea agreement's Guidelines estimate, Begleiter claims that the government improperly induced his plea with the promise of a lower sentence at the same time that its agents were in possession of information supporting a higher sentence. We disagree. In determining whether a plea agreement has been breached, a court looks to the "reasonable understanding of the parties as to the terms of the agreement." *United States v. Colon,* 220 F.3d 48, 51 (2d Cir. 2000). Based on the clear and unambiguous terms of the plea agreement, as well as Begleiter's acknowledgment at his plea allocution that he understood the non-binding nature of the estimated offense level, we do not think Begleiter could have reasonably understood the estimate to be binding. In fact, we have held that virtually the same non-binding estimate language in a plea agreement "expressly left [the government]free to argue for positions that were directly inconsistent with the estimate set forth in the agreement." *United States v. Enriquez,* 42 F.3d 769, 773 (2d Cir.1994). Furthermore, any notion that the government acted in bad faith to trick Begleiter into pleading is belied by the government's agreement to allow him to withdraw his plea.

We are similarly unpersuaded by Begleiter's claim that a downward departure is warranted because of the harshness of his pretrial detention. Begleiter argues that, owing to his pretrial detention at several high security prisons, he served a harsher sentence than a similarly situated defendant who committed the same crime but who was incarcerated at a minimum security facility upon being sentenced. Even though it is far from clear that a departure is warranted under these circumstances, the district court acknowledged its authority to depart by offering a hearing on the departure and thus its denial of the departure is not reviewable on appeal. *See United States v. Richardson,* 923 F.2d 13, 15 (2d Cir.1991) (noting that a sentencing judge's refusal to grant a departure is appealable only where the Guidelines were misapplied, or the court imposed an illegal sentence or misapprehended its authority); *United States v. Brown,* 98 F.3d 690, 694 (2d Cir.1996) (per curiam) ("We do not require that district judges by robotic incantations state 'for the record' or otherwise that they are aware of this or that arguable authority to depart. . . .").

Finally, we agree with the parties that the Court erred in refusing to exonerate Begleiter's bail pending disposition of any appeal. Fed.R.Crim.P. 46(f) provides that "[w]hen the condition of the bond has been satisfied . . . the court shall exonerate the obligors and release any bail." The government acknowledges that Begleiter fulfilled the conditions of his bond by surrendering and that his bond should therefore be released. Thus, we reverse that part of the district court's judgment that denies the exoneration of Begleiter's bond and remand to the district court to order such exoneration.

Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED in part and REVERSED in part and REMANDED for further proceedings consistent with this order.