**UNITED STATES of America, Appellee,**

v.

**Owen BECKFORD, Defendant–Appellant.**

**Docket No. 01–1227.**

United States Court of Appeals, Second Circuit.

May 31, 2002.

Michael O'Brien, Syosset, NY, for appellant.

John P. Collins, Jr., Assistant United States Attorney, (James B. Comey, United States Attorney for the Southern District of New York, and Baruch Weiss, Assistant United States Attorney, on the brief), New York, NY, for appellee.

Present WALKER, Chief Judge, WINTER, and CALABRESI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Defendant-appellant Owen Beckford appeals from the April 6, 2001 judgment of the United States District Court for the Southern District of New York, convicting him, following a guilty plea, of possession with intent to distribute and distribution of approximately five or more grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) on four separate occasions during May, June, and July, 1999. Beckford pled guilty to those offenses without a written plea agreement and was thereafter sentenced to 97 months' imprisonment, four years' supervised release, and a special assessment of $100. At sentencing, the district court concluded that Beckford's base offense level was 32, minus three levels for acceptance of responsibility, for a total of 29, and that his criminal history category was II.

On appeal, Beckford argues that (1) the indictment to which he pled guilty was jurisdictionally defective under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in that it failed to charge the amount of the controlled substances Beckford was charged with selling; (2) his sentence violated his plea agreement; and (3) the district court erred by failing to grant him downward departures due to his status as a deportable alien, sentence manipulation on the part of the government, and his family circumstances.

■ Beckford's *Apprendi* argument is wholly without merit. The indictment to which Beckford pled guilty specifically charged him with distributing and possessing with intent to distribute "5 grams and more of mixtures and substances containing a detectable amount of cocaine base" in violation of 21 U.S.C. §§ 812, 841(a)(1) and (b)(1)(B). Under § 841(b)(1)(B), Beckford was exposed to a maximum possible sentence of forty years; the district court sentenced Beckford to 97 months, a term of imprisonment well below the statutory maximum he faced. Accordingly, he has no claim of error under *Apprendi*. *See United States v. Thomas*, 274 F.3d 655, 664 (2d Cir.2001) (en banc) ("The constitutional rule of *Apprendi* does not apply where the sentence imposed is not greater than the prescribed statutory maximum for the offense of conviction.")

Defendant next claims that the district court's sentence was in violation of his plea agreement because it overstated the seriousness of his prior criminal conduct. At the guilty plea proceeding, the following exchange took place between the court and defendant:

> THE COURT: You have a prior criminal conviction which could qualify you for increased punishment following a finding of guilt in this matter.
> Do you understand that?
> THE DEFENDANT: Yes, your Honor.
> THE COURT: Do you understand that the government is agreeing, on the condition of your entering this plea, that they will not, in fact, pursue that increased punishment?
> Do you understand that?
> THE DEFENDANT: Yes, your Honor.

Based on this exchange, Beckford argues first that he was improperly given "additional time" for a prior state conviction by being placed in a higher criminal history category than I in violation of his agreement with the government. He also argues that the seriousness of his criminal history was over-represented, entitling him to a downward departure under § 4A1.3 of the United States Sentencing Guidelines ("the Guidelines"). We reject each of these arguments in turn.

■ As an initial matter, we conclude that the government's representation that it would not pursue increased punishment was in connection with its agreement not to file a prior felony information under 21 U.S.C. § 851, which would have doubled

the mandatory minimum sentence that Beckford faced under § 841(b)(1)(B). Just prior to the above colloquy, the court asked whether the government was planning to pursue a "prior criminal narcotics conviction sufficient to raise the potential punishment levels," and counsel for the government replied:

> The government is not planning to file a prior felony conviction. And my understanding is, they must do so prior to plea. And I discussed it with counsel, and the government does not have any intention to file a prior felony information.

In addition, the government fully set forth its position that Beckford's prior criminal history placed him in Criminal History Category III in a *Pimentel* letter that was provided to Beckford prior to his plea allocution. *See United States v. Pimentel*, 932 F.2d 1029, 1034 (2d Cir.1991). At the plea hearing, subsequent to the exchanges set out above, the court specifically questioned defendant about the *Pimentel* letter in the following colloquy:

> THE COURT: Do you also understand that the government has provided what's called a Pimentel letter, which sets forth the government's understanding of how the guidelines apply to your case, but that's only the government's understanding.
>
> Do you understand that?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: Do you understand that that is not binding upon the Court?
>
> THE DEFENDANT: Yes, your Honor.

The record thus establishes that Beckford was apprised of the government's position with respect to his criminal history at or before the plea hearing. In addition, the court explicitly instructed him that the court would make its own independent assessment as to the applicable Guidelines and informed him of the potential sentence he faced and other consequences of pleading guilty. For these reasons, we conclude that defendant received his bargained-for sentence and see no basis to disturb the district court's judgment. *See United States v. Colon*, 220 F.3d 48, 51 (2d Cir. 2000) ("Plea agreements are interpreted in accordance with contract law principles.").

■ With respect to defendant's argument under § 4A1.3, we ordinarily review the district court's interpretation and application of the Guidelines *de novo*. *United States v. Carpenter*, 252 F.3d 230, 234 (2d Cir.2001). However, "[a] denial of a downward departure is subject to review only when the district court misapplies the Guidelines, imposes an illegal sentence, or mistakenly believes that it lacks the authority to depart." *United States v. Gonzalez*, 281 F.3d 38, 42 (2d Cir.2002). Here, the district court's decision not to downwardly depart on the basis of § 4A1.3 is not reviewable by this court because the district court clearly understood its authority to depart, but declined to do so. *See id.*

■ Beckford also argues that the district court should have granted him a downward departure because of his alien status. At sentencing, he argued that, as a deportable alien, the circumstances of his incarceration would be more severe than a non-alien, and that he would likely be placed in a more secure facility than his crime demands. With respect to this claim, the district court concluded that the law of the circuit "does not permit [it] to depart specifically on the grounds that [Beckford] raised." We have held that, "in some circumstances, a defendant's status as an alien may serve as a basis for downward departure," but that this status "is not ordinarily relevant." *United States v. Tejeda*, 146 F.3d 84, 88 (2d Cir.1998) (per curiam); *see United States v. Restrepo*, 999 F.2d 640, 644–47 (2d Cir.1993) (reversing district court's downward departure on the basis of deportable alien status, con-

cluding that harsher confinement conditions, post-imprisonment detention pending deportation, and deportation did not justify departure). Here, Beckford does not allege any extraordinary circumstances resulting from his deportable alien status that justify a downward departure; the district court thus did not err in refusing to depart downward on this ground.

Finally, we reject Beckford's remaining arguments in support of a downward departure. With respect to his sentencing manipulation and family circumstances claims, the district court clearly understood its authority to depart and declined to do so. *See Gonzalez,* 281 F.3d at 42.

For the foregoing reasons, the judgment of the district court is affirmed.