**UNITED STATES of America,
Appellee,**

v.

**Reinaldo GONZALEZ, Defendant–
Appellant.**

**Docket No. 03–1633.**

United States Court of Appeals,
Second Circuit.

March 24, 2004.

Kimberly A. Schechter, Federal Public Defender's Office for the Western District of New York (MaryBeth Covert, of counsel), Buffalo, New York, for Appellant.

Thomas S. Duszkiewicz, Assistant United States Attorney for the Western District of New York (Michael A. Battle, United States Attorney for the Western District of New York, on the brief), Buffalo, New York, for Appellee.

PRESENT: SOTOMAYOR, KATZMANN, Circuit Judges, and POLLACK, District Judge.*

### SUMMARY ORDER

Familiarity with the factual and procedural background of this case is assumed. Defendant Reinaldo Gonzalez ("Gonzalez") appeals from a judgment of the United States District Court for the Western District of New York (Arcara, J.) denying his motion to dismiss the indictment, arguing on appeal that the instant prosecution was barred pursuant to the terms of a plea agreement entered into nearly four years earlier with the United States Attorney's Office for the District of New Mexico. We find Gonzalez's argument unavailing.

■ Plea agreements have long been interpreted in accordance with contract law principles, with any ambiguities in the agreement resolved against the government. *See United States v. Colon,* 220 F.3d 48, 51 (2d Cir.2000). In interpreting whether a plea agreement has been breached, this court "looks to the reason-

---

* The Honorable Milton Pollack, Senior Judge, United States District Court for the Southern District of New York, sitting by designation.

able understanding of the parties as to the terms of the agreement." *Id.* The law of this Circuit is clear, however, that "[a] plea agreement binds only the office of the United States Attorney for the district in which the plea is entered unless it affirmatively appears that the agreement contemplates a broader restriction," *United States v. Annabi,* 771 F.2d 670, 672 (2d Cir.1985) (per curiam), or unless "there [is] evidence to show that [a prosecutor] [i]s attempting to evade its own obligations [under the plea agreement] by transferring a prosecution" to another office, *United States v. Alessi,* 544 F.2d 1139, 1154 (2d Cir.1976), *overruled in part on other grounds, United States v. Macchia,* 41 F.3d 35, 39 (2d Cir.1994). Further, "[t]he mere use of the term 'government' in the plea agreement does not create an affirmative appearance that the agreement contemplated barring districts other than the particular district entering into the agreement." *United States v. Salameh,* 152 F.3d 88, 120 (2d Cir.1998). An affirmative appearance to bind other districts, nonetheless, "can be inferred from the negotiations between defendant and prosecutor, as well as from statements at the plea colloquy." *United States v. Russo,* 801 F.2d 624, 626 (2d Cir.1986) (internal citations omitted).

■ Gonzalez argues that the instant prosecution is precluded because paragraph 12(b) of the plea agreement creates an affirmative appearance of an intent to bind other districts and at a minimum is ambiguous and thus should be construed against the government. We disagree. Although paragraph 12(b) uses the term "United States" rather than the term "government," this is a distinction from our prior caselaw without a difference. *Cf. Salameh,* 152 F.3d at 120 (holding that the use of the term "government" does not create an affirmative appearance of an agreement to restrict other districts). Moreover, even assuming *arguendo* that

the text is ambiguous, any ambiguity was dispelled by the actions taken by Gonzalez's attorney at the time that Gonzalez entered into the agreement. Paragraph 13 explicitly states that the agreement binds only the United States Attorney's Office for the District of New Mexico. Further, Gonzalez's attorney testified that she "would [have] review[ed] the plea agreement with [Gonzalez] and [told] him that it doesn't bind any other Federal, State or local agencies or prosecuting authorities, wherever located." She also testified that she did not recall making any representation to Gonzalez that the Western District of New York was bound by the plea agreement. Thus, we conclude that Gonzalez could not have reasonably understood the plea agreement to restrict the Western District of New York. *See Colon,* 220 F.3d at 51 ("The court looks to the *reasonable* understanding of the parties as to the terms of the agreement in determining whether a plea agreement has been breached." (emphasis added)).

■ Separately, we agree with the district court that, based on our review of the record, nothing in the plea negotiations or plea colloquy forms an affirmative appearance of an agreement to bind any district other than the District of New Mexico. Indeed, the plea negotiations confirm the lack of any affirmative appearance to more broadly restrict prosecutions: Gonzalez's attorney testified that she did not negotiate with the prosecutor's office in New Mexico for any immunity relating to the seized gun.

■ Finally, although Gonzalez contends that the present prosecution should be precluded because the investigations in the two districts were related, Gonzalez has not shown that the United States Attorney's Office for the District of New Mexico attempted to circumvent a restriction on its authority to prosecute or to evade its own obligations by transferring

any work to the United States Attorney's Office for the Western District of New York. *See Alessi,* 544 F.2d at 1154. Even though the weapon and ammunition were seized on the same day that Gonzalez was arrested on the New Mexico conspiracy charge, the application in the Western District of New York for the search warrant to search Gonzalez's Evans, New York residence states that the warrant was sought at least in part in connection with an independent investigation initiated approximately one year earlier in the Western District of New York.

For these reasons, the judgment of the district court is AFFIRMED.