United States of America v. Cesar Martinez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

    At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of April, two thousand eighteen.

Present:    RALPH K. WINTER,
            ROSEMARY S. POOLER,
            DEBRA ANN LIVINGSTON,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            v.                                          16-1693-cr

CESAR MARTINEZ, AKA JUAN MARTINEZ,
BOANERGE CHEVALIER, [1]

                    *Defendants-Appellants*.[2]

_____

Appearing for Appellant:    MaryBeth Covert, Federal Public Defenders Office, Buffalo, N.Y.

Appearing for Appellee:      Thomas McKay, Assistant United States Attorney (Samson Enzer, Anna M. Skotko, Assistant United States Attorneys, *on the brief*)

---

[1] We resolve Boanerge Chevalier's appeal simultaneously with this summary order by granting the government's motion for summary affirmance, which had been submitted in response to an *Anders* brief filed by Chevalier's counsel, and granting the counsel's *Anders* motion as well. *See Anders v. California*, 386 U.S. 738 (1967).

[2] The Clerk of the Court is directed to amend the caption as above.

*for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Cesar Martinez appeals from the May 16, 2016 judgment in the United States District Court for the Southern District of New York (Forrest, *J.*) following his plea of guilty to one count of Hobbs Act robbery in violation of 18 U.S.C. §§ 1951, 1952. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Plea agreements are construed strictly against the government, and the court does not "hesitate to scrutinize the government's conduct to ensure that it comports with the highest standard of fairness." *United States v. Lawlor*, 168 F.3d 633, 637 (2d Cir. 1999). "To determine whether a plea agreement has been breached, we 'look[ ] to the reasonable understanding of the parties as to the terms of the agreement.'" *United States v. Riera*, 298 F.3d 128, 133 (2d Cir. 2002) (quoting *United States v. Colon*, 220 F.3d 48, 51 (2d Cir. 2000)). "When the Government breaches a plea agreement, the defendant is entitled to either withdraw his plea or have his agreement specifically performed." *United States v. Cimino*, 381 F.3d 124, 127 (2d Cir. 2004). Where, as here, the defendant has failed to raise his objection to the plea agreement before the district court, we review for plain error, *Puckett v. United States*, 556 U.S. 129, 135 (2009), which looks to whether there was "(1) error, (2) that is plain, and (3) that affects substantial rights" and "(4) [that] seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Thomas*, 274 F.3d 655, 667 (2d Cir. 2001) (internal quotation marks and alterations omitted).

On appeal, Martinez argues that the government breached the plea agreement when it alerted the district court that the Probation Office's recommendation in its Presentence Report ("PSR") was consistent with the government recommendation, except for the PSR's inclusion of a two-level enhancement for bodily injury. Martinez argues that the government acted duplicitously when it claimed not to be advocating for the enhancement while still agreeing with the PSR that the enhancement applied and setting forth its legal position on the issue. We disagree.

The plea agreement specifically states that if the Probation Office or the Court "contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above . . . the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same." App'x at 76. And that is what happened here: the PSR contemplated an enhancement for bodily injury not included in the plea agreement. Martinez argued vigorously against the enhancement in his sentencing submission; "not surprisingly," Martinez's objection "was slanted in favor of his position." *United States v. Amico*, 416 F.3d 163, 166 (2d Cir. 2005). The government's very brief response to Martinez's arguments in a footnote, while specifically noting that it was not seeking the enhancement, was thus permissible under the terms of the plea agreement. *See id.*; *see also United States v. Griffin*,

510 F.3d 354, 364 (2d Cir. 2007) (suggesting that merely provid[ing] information or evidence in response to any statements by the defendant" does not breach the plea agreement).

We have considered the remainder of Martinez's arguments and find them to be without merit.  Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk