19-1576-cr
*United States v. Bradley*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of July, two thousand twenty.

PRESENT:     JOSÉ A. CABRANES,
             RAYMOND J. LOHIER, JR.,
             SUSAN L. CARNEY,
                          *Circuit Judges.*

───────────────────────────────

UNITED STATES OF AMERICA,

                *Appellee,*                        19-1576-cr

        v.

TYSHAWN BRADLEY,

                *Defendant-Appellant*,

DARNELL BROWN AKA D, DALLAS MCLAMORE
AKA ICE, AKA DAL, ERIC ROSS, BRANDON ATKINS
AKA YB, TASHAWN GAY, MELVIN TUCKER AKA HOFF,
NANNETTE BROWN, DAVID VARNER, LATIF DONALDSON
AKA LALA, TARA ROBINSON AKA COEK,
PHAYON REDMOND AKA BOOPER,

                *Defendants.*[*]

───────────────────────────────

[*] The Clerk of Court is directed to amend the official caption to conform to the above.

FOR APPELLEE:                                    Tiffany H. Lee, Assistant United States
                                                 Attorney, *for* James P. Kennedy, Jr.,
                                                 United States Attorney for the Western
                                                 District of New York, Buffalo, NY.

FOR DEFENDANT-APPELLANT:                          Randall D. Unger, Kew Gardens, NY.

Appeal from a May 17, 2019 judgment of the United States District Court for the Western District of New York (Lawrence J. Vilardo, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Tyshawn Bradley ("Bradley"), appeals from a May 17, 2019 judgment of conviction, following a guilty plea, sentencing Bradley principally to a term of 360 months' imprisonment for one count of conspiracy to possess with intent to distribute, and to distribute, 280 grams or more of cocaine base in violation of 21 U.S.C. § 846, one count of possession of a short-barreled firearm in violation of 26 U.S.C. § 5861(c), and one count of money laundering conspiracy in violation of 18 U.S.C. § 1956(h). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, Bradley argues that the Government breached the terms of the plea agreement by arguing for a sentence greater than 168 months. We review interpretations of plea agreements *de novo* in accordance with principles of contract law. *See United States v. Riera*, 298 F.3d 128, 133 (2d Cir. 2002). In determining whether a plea agreement has been breached we look "to the reasonable understanding of the parties as to the terms of the agreement." *United States v. Colon*, 220 F.3d 48, 51 (2d Cir. 2000); *see also United States v. Padilla*, 186 F.3d 136, 140 (2d Cir. 1999) (noting that ambiguities in a plea agreement must be resolved in the defendant's favor because of the government's "awesome advantages in bargaining power"). We carefully study the particular circumstances of a case in context in assessing whether the Government sought to influence the district court in a manner incompatible with the plea agreement. *See United States v. Amico*, 416 F.3d 163, 167 n.2 (2d Cir. 2005).

Bradley contends that by amending the plea agreement to state that Bradley agreed that 168 months would be the appropriate sentence, the Government "induced [him] to plead guilty by the assurance that he would receive a sentence of imprisonment of 168 months." Appellant's Br. at 17. We disagree. As noted by the Government, a reasonable understanding of the parties as to the agreement's terms does not suggest that the Government was agreeing that 168 months would be an

2

appropriate sentence. The terms of the plea agreement specifically state that the Government "reserve[d] the right to advocate for a Sentencing Guidelines determination and/or a sentence outside the Guidelines which results in a sentencing range for imprisonment of any term of years up to 432 months." App'x 47. Bradley also recognized in this agreement that the "[District] Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement." *Id.* at 48. At the change of plea hearing, Bradley acknowledged to the District Court that he understood all of these terms. *See id.* at 105-11. Based on these circumstances, we cannot conclude that the Government breached its plea agreement with Bradley when it advocated for a sentence greater than 168 months.

## CONCLUSION

We have reviewed all of the arguments raised by Bradley on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the May 17, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk