*United States v. Balinda*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand twenty.

PRESENT:  ROBERT D. SACK,
             RICHARD C. WESLEY,
             RICHARD J. SULLIVAN,
               *Circuit Judges*.

-------------------------------------------------------------------

UNITED STATES OF AMERICA,

     *Appellee*,

    v.                                              No. 19-515-cr

EDOZIE ONYEGBULE,

     *Defendant*,

ISMAEL BALINDA,

     *Defendant-Appellant*.

-------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:    BRUCE   A.   BARKET   (Danielle Muscatello, Alex Klein, Donna Aldea, *on the brief*), Barket Epstein Kearon Aldea & LoTurco, LLP, Garden City, NY.

FOR APPELLEE:    MICHAEL K. KROUSE, Assistant United States Attorney (Karl Metzner, Assistant United States Attorney, *on the brief*), *for* Audrey Strauss, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **DISMISSED**.

Defendant-Appellant Ismael Balinda appeals from a judgment of the district court (Castel, *J.*) sentencing him principally to 72 months' imprisonment and three years of supervised release after he pleaded guilty, pursuant to a plea agreement, to conspiracy to import and distribute one kilogram or more of heroin and 50 grams or more of methamphetamine. Balinda contends that his sentence must be vacated and that he must be resentenced before a different judge because the government breached the plea agreement by "suggesting" during sentencing that

2

a two-level enhancement under U.S.S.G. § 2D1.1(b)(12) for maintaining a premises for the purpose of manufacturing or distributing a controlled substance was warranted. Balinda's Br. 27. He further maintains that the appeal waiver in the plea agreement is therefore unenforceable and that the district court clearly erred in applying the two-level enhancement. Nevertheless, Balinda's claims fail at the start since the government did not breach the plea agreement. Accordingly, we dismiss Balinda's appeal. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

"[W]aivers of the right to appeal a sentence are presumptively enforceable." *United States v. Burden*, 860 F.3d 45, 51 (2d Cir. 2017) (internal quotation marks omitted). Allowing a defendant "who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence" to "then appeal the merits of a sentence conforming to the agreement . . . would render the plea bargaining process and the resulting agreement meaningless." *United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993). Consequently, we will decline to enforce an appeal waiver only in limited circumstances. *See United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000) ("The[] exceptions to the

3

presumption of the enforceability of a waiver . . . occupy a very circumscribed area of our jurisprudence."). We have previously explained that there are four circumstances in which an appeal waiver may be deemed unenforceable:

> (1) where the waiver was not made knowingly, voluntarily, and competently; (2) where the sentence was based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases; (3) where the government breached the agreement containing the waiver; and (4) where the district court failed to enunciate any rationale for the defendant's sentence.

*Burden*, 860 F.3d at 51 (internal quotation marks omitted).

Balinda argues that his appeal waiver is unenforceable because the government breached the plea agreement by (1) "remain[ing] silent when Probation recommended [in the presentence investigation report ("PSR")] a two-level enhancement pursuant to section 2D1.1(b)(12) of the Guidelines"; (2) "suggest[ing] that its evidence . . . support[ed] the enhancement" when expressly questioned by the district court; and (3) taking "no steps" to "repudiate" the district court's inquiry into whether a § 2D1.1(b)(12) enhancement was appropriate. Balinda's Br. 28.

We interpret plea agreements "*de novo* and in accordance with principles of contract law." *United States v. Riera*, 298 F.3d 128, 133 (2d Cir. 2002). In determining whether a plea agreement has been breached, we consider "the

4

reasonable understanding of the parties as to the terms of the agreement." *United States v. Colon*, 220 F.3d 48, 51 (2d Cir. 2000). Given the government's "advantages in bargaining power, any ambiguities in the agreement must be resolved in favor of the defendant." *Riera*, 298 F.3d at 133 (internal quotation marks omitted). The government breaches a plea agreement where its "commentary reasonably appears to seek to influence the court in a manner incompatible with the agreement . . . notwithstanding formal language of disclaimer." *United States v. Amico*, 416 F.3d 163, 167 n.2 (2d Cir. 2005).

Although Balinda's plea agreement provided that the government would not seek "any departure or adjustment pursuant to the Guidelines" that was not set forth therein, App'x 24, it expressly permitted the government to "answer any inquiries and to make all appropriate arguments" if the district court contemplated any "adjustments, departures, or calculations different from those stipulated to" in the plea agreement, *id.* 25. The government's conduct at sentencing fits comfortably within this carve out. The government merely responded to the district court's direct inquiries in accordance with its duty of candor to the court. Consequently, the government did not breach the plea agreement.

5

After reviewing the PSR's recommendation for a two-level enhancement under § 2D1.1(b)(2), the district court first asked the government whether it "st[ood] by [its] plea deal" and whether "probation [was] wrong about the applicability of the enhancement." *Id.* 358. The government responded to the district court's questioning, emphasizing that it did "stand behind the plea agreement" and explaining why it thought that the enhancement was not "appropriate" in Balinda's case. *Id.* It was only after the district court pressed the government further about Balinda's control of the property in question and inquired whether Balinda "agreed to provide security" for the property that the government again answered the court's questions, stating that Balinda did "agree to provide armed guards." *Id.* 362. When the district court explicitly asked the government whether it was prepared to tell the court that it could not prove by a preponderance of the evidence that Balinda maintained a premises for the purpose of manufacturing a controlled substance, the government answered somewhat equivocally that it was "not prepared to tell [the court] that." *Id.* 365. Rather than demonstrating a breach of the plea agreement, this conduct evidences that the government abided by its commitments under the plea agreement at sentencing. *See Riera*, 298 F.3d at 134 (determining that the government did not breach a nearly

identical plea agreement where (1) it merely responded to the district court's specific inquiry; (2) the plea agreement's language permitted the government to respond to such inquiries; and (3) "the government . . . emphasized that it was not advocating for an upward departure").

Accordingly, because the government did not breach the plea agreement, the appeal waiver contained therein – through which Balinda agreed not to challenge any sentence within or below the stipulated guidelines range of 70 to 87 months' imprisonment – prohibits Balinda from challenging his sentence. Although Balinda maintains that the district court erred by applying a two-level enhancement under § 2D1.1(b)(12), such alleged procedural errors are not an exception to an otherwise valid appeal waiver. *See, e.g.*, *Gomez-Perez*, 215 F.3d at 319. Balinda bargained away the right to appeal a sentence of 72 months' imprisonment when he entered into the plea agreement, and allowing him to challenge his sentence now would deprive the government of the benefit of that agreement. *See United States v. Morgan*, 386 F.3d 376, 381 (2d Cir. 2004). Accordingly, we dismiss Balinda's appeal of his sentence of 72 months' imprisonment.

* * *

We have considered the remainder of Balinda's arguments and find them to be without merit.  Accordingly, Balinda's appeal is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court