UNITED STATES of America, Appellee,

v.

Michael APONTE, Defendant–Appellant.

No. 1473, Docket 93–1640.

United States Court of Appeals,
Second Circuit.

Argued June 10, 1994.

Decided August 5, 1994.

Austin V. Campriello, Werner & Kennedy, New York City, for defendant-appellant.

John M. Desmarais, Asst. U.S. Atty., New York City (Mary Jo White, U.S. Atty., S.D. of N.Y., John W. Auchincloss II, Asst. U.S. Atty., of counsel), for appellee.

Before: WINTER and WALKER, Circuit Judges, and WARD,* District Judge.

WINTER, Circuit Judge:

Michael Aponte appeals from a conviction and sentence entered by Judge DiCarlo,[1] following a jury trial. The jury convicted Aponte of conspiracy to rob a United States Postal Service truck, in violation of 18 U.S.C. § 371, and aiding and abetting the armed robbery of a Postal Service truck, in violation of 18 U.S.C. §§ 2, 2114. Aponte was sentenced principally to imprisonment for 108 months. On appeal, Aponte argues that: (1) the admission of a cohort's prior statement as a non-hearsay adoptive admission violated his Fifth Amendment right to a fair trial and Sixth Amendment right to confront his accuser, (2) the exclusion of certain documentary evidence as hearsay denied him a fair trial and an opportunity to present a defense, (3) the district court erred in sentencing by failing to decrease his base offense level for his minor or minimal role in the offense, and (4) the district court erred in sentencing by increasing his base offense level by two points for obstruction of justice.

■ First, with regard to the admission of the statement of Aponte's cohort, Wilfredo Aguilar, an admission by silence is admissible if "there are circumstances which render it more reasonably probable that a man would answer the charge made against him than that he would not." *United States v. Flecha*, 539 F.2d 874, 877 (2d Cir.1976) (quoting *Wiedemann v. Walpole*, 2 Q.B. 534, 539 (1891)). William Mogg testified that on the day after the robbery, Mogg, Aponte, Wilfredo Aguilar, and a person named Irving met in a hotel room. In this hotel room, Aponte sat on the hotel bed while the other three men stood. All four men engaged in conver-

sation and watched television. Mogg testified that Aguilar claimed to have robbed a post office truck and that Aguilar stated that Aponte "was in a National car." According to Mogg, Aponte said nothing in response to Aguilar's statement. The four people in the hotel room were positioned "basically close to each other," and Mogg testified that Aponte had participated at least minimally in the conversation.

Given that "a person ordinarily will respond to an incriminatory or defamatory statement with a denial, or at least with some indication that he objects to the statement as untrue," *United States v. Shulman*, 624 F.2d 384, 390 (2d Cir.1980), it was within the district court's discretion to conclude that it was reasonably probable that Aponte would have responded in some way if Aguilar's incriminatory statement was false.

Aponte further contends that there should be a higher standard for the admissibility of adoptive admissions in criminal trials because of the danger that a defendant's silence was motivated by fear of self-incrimination. Whatever its merits, this argument is inapposite in the instant matter because Aguilar's statement did not occur in a custodial or investigative context, where "silence may be motivated by advice of counsel or realization that 'anything you say may be used against you.'" Fed.R.Evid. 801 advisory committee's note. *Compare United States v. Williams*, 577 F.2d 188, 194 (2d Cir.) (failure to deny involvement in conspiracy constitutes adoptive admission because statement occurred in non-custodial context), *cert. denied*, 439 U.S. 868, 99 S.Ct. 196, 58 L.Ed.2d 179 (1978) *with Flecha*, 539 F.2d at 876–78 (failure to respond to incriminating statement does not constitute adoptive admission because statement made while under arrest and in presence of customs agent).

■ Second, with regard to the exclusion as hearsay of a sworn statement containing fabrications by government witness Gregory Quiles and of other documents giv-

---

* The Honorable Robert J. Ward, United States District Judge for the Southern District of New York, sitting by designation.

1. Chief Judge, United States Court of International Trade, sitting by designation.

ing false descriptions of "robbers" provided by Quiles, the district court may have applied the wrong evidentiary rule, but the statements were nevertheless properly excluded. Quiles' fabricated statement and false descriptions were not offered for the truth of the matter asserted and therefore were not hearsay. Fed.R.Evid. 801(c). Rather, the documents were offered to show Quiles' capacity for deception. However, the statements were excludable as extrinsic evidence of the character and conduct of Quiles. "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility ... may not be proved by extrinsic evidence." Fed.R.Evid. 608(b); see United States v. Weiss, 930 F.2d 185, 199 (2d Cir.), cert. denied, —— U.S. ——, 112 S.Ct. 133, 116 L.Ed.2d 100 (1991); United States v. Schwab, 886 F.2d 509, 511 (2d Cir.1989), cert. denied, 493 U.S. 1080, 110 S.Ct. 1136, 107 L.Ed.2d 1041 (1990). Quiles' prior statements were thus excludable under Fed.R.Evid. 608(b), and the exclusion did not result in constitutional error.

■ Third, with regard to the district court's failure to decrease Aponte's base offense level for his minor or minimal role in the offense, United States Sentencing Commission, Guidelines Manual, § 3B1.2 (Nov. 1992), the district court's conclusion can be reversed only if it constitutes an abuse of discretion. Because there is evidence that Aponte was involved in the planning of the Postal Service truck robbery and served as a look-out, we sustain the district court's conclusion that Aponte did not play a minor or minimal role. Cf. United States v. Garcia, 920 F.2d 153, 155 (2d Cir.1990) (describing factors warranting finding of minor or minimal role).

■ Finally, with regard to the district court's decision to increase Aponte's base offense level for obstruction of justice, see U.S.S.G. § 3C1.1 (Nov. 1992), the district court imposed the increase because Aponte failed to appear for several days after his case went to the jury and a verdict was returned. Relying upon our decision in United States v. Stroud, 893 F.2d 504 (2d Cir.1990), Aponte contends that the increase was error because he did not willfully ob-

struct justice. In Stroud, we stated that " 'willfully,' as used in section 3C1.1, requires that the defendant consciously act with the purpose of obstructing justice." Id. at 507 (emphasis in original).

■ However, we have never held that a finding of intentional flight from judicial proceedings also requires an additional finding that the defendant fled with the purpose of obstructing justice. To the contrary, in United States v. Keats, 937 F.2d 58 (2d Cir.), cert. denied, —— U.S. ——, 112 S.Ct. 399, 116 L.Ed.2d 348 (1991), we held that "intentional flight from judicial proceedings is sufficient to support imposing an obstruction enhancement pursuant to § 3C1.1." Id. 937 F.2d at 67. It is sufficient for these purposes that the defendant intended to fail to appear at a judicial proceeding, regardless of his reason for desiring to flee. Accord United States v. Taylor, 997 F.2d 1551, 1559–60 (D.C.Cir. 1993); United States v. McCarthy, 961 F.2d 972, 979–80 (1st Cir.1992); United States v. St. Julian, 922 F.2d 563, 571 (10th Cir.1990); see also United States v. Teta, 918 F.2d 1329, 1333–34 (7th Cir.1990) (refusing to distinguish intentional failure to appear done with purpose of disregarding law from intentional failure to appear done with purpose of obstructing justice).

Moreover, since Stroud, a revision to the Application Note to section 3C1.1, see U.S.S.G.App.C, Amend. 347 (effective Nov. 1, 1990), provides that the sentence enhancement applies to "escaping or attempting to escape from custody before trial or sentencing; or willfully failing to appear, as ordered, for a judicial proceeding." U.S.S.G. § 3C1.1, comment. (n.3(e)) (emphasis added). This revision is an explicit rejection of appellant's argument. Because the district court properly found that Aponte had intentionally failed to appear for the return of the verdict, see Fed.R.Crim.P. 43(a) (requiring defendant's presence "at every stage of the trial including ... the return of the verdict"), we uphold the enhancement for obstruction of justice.

Affirmed.