**UNITED STATES of America,**
**Appellee,**

v.

**Sonia RIVERA, Defendant–Appellant.**

**Docket No. 99–1093.**

United States Court of Appeals,
Second Circuit.

Jan. 8, 2002.

Michael A. Young, N.Y., NY, for Appellant.

Victor L. Hou, Ass't U.S. Att'y, SDNY, N.Y., NY, for Appellee.

Present OAKES, KEARSE and CALABRESI, Circuit Judges.

*SUMMARY ORDER*

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was submitted by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant Sonia Rivera appeals from a judgment entered in the United States District Court for the Southern District of New York following her plea of guilty before Shirley Wohl Kram, *Judge*, convicting her of conspiracy to distribute and to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846, and sentencing her principally to 87 months' imprisonment, to be followed by a five-year term of supervised release. On appeal Rivera principally contends that her conviction should be set aside pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the indictment did not specify the drug quantity attributable to her and because the court did not inform her, in accepting her plea of guilty, that drug quantity was an element of the offense which she had the right to have determined by a jury beyond a reasonable doubt. She also challenges the district court's calculation of her sentence under the Sentencing Guidelines ("Guidelines") and contends that she was denied effective assistance of counsel at sentencing. The government contends that, under the fugitive disentitlement doctrine, we should decline to entertain Rivera's challenges to the conviction because, after pleading guilty in 1992, Rivera failed to appear for her scheduled sentencing in 1993 and instead fled the country; she was not apprehended until 1997. For the reasons that follow, we affirm the judgment. We agree with the government that Rivera has forfeited her challenges to the conviction. We review only her challenges to the sentence imposed on her following her recapture, and we find that those challenges lack merit.

■ Under the fugitive disentitlement doctrine, a court has the " 'discretion to refuse to rule on the merits of a defendant's postconviction claims of trial error when the defendant has fled from justice.' " *United States v. Morgan*, 254 F.3d 424, 426 (2d Cir.2001) (*quoting United States v. Bravo*, 10 F.3d 79, 83 (2d Cir. 1993), *cert. denied*, 511 U.S. 1011, 114 S.Ct. 1386, 128 L.Ed.2d 60 (1994)). This doctrine "serves four rationales: 1) assuring the enforceability of any decision that may be rendered against the fugitive; 2) imposing a penalty for flouting the judicial process; 3) discouraging flights from justice and promoting the efficient operation of the courts; and 4) avoiding prejudice to the other side caused by the defendant's escape." *United States v. Morgan*, 254 F.3d at 426 (internal quotation marks omitted); *see also United States v. Persico*, 853 F.2d 134, 138 (2d Cir.1988) (it would be "unconscionable" to allow defendant to benefit from delay by forcing reprosecution after witnesses' memories have faded). Although for the doctrine to apply there must be a sufficient nexus between the defendant's fugitive status and the appellate proceedings, *see Ortega–Rodriguez v. United States*, 507 U.S. 234, 249–51, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993), we have recognized such a nexus even where the defendant has been recaptured prior to an appeal in two circumstances: "(1) where a fugitive's escape so delays the onset of appellate proceedings that the government would be prejudiced in locating witnesses if a trial were to take place after a successful appeal; and (2) where one of several co-defendants absconds, requiring multiple appeals if the defendant is allowed to appeal after [her]

recapture," *United States v. Morgan*, 254 F.3d at 427 (applying doctrine to a defendant's postconviction challenges where the defendant had been a fugitive for six years and the government's cooperating witness could no longer be located); *see also United States v. Bravo*, 10 F.3d at 84–85 (doctrine applied to defendant who had been a fugitive for 15 years where the government's ability to assemble witnesses and evidence was undermined).

■ Here, Rivera pleaded guilty nearly a decade ago, admitting to participating in a drug distribution conspiracy between the mid 1980s and 1991. Although due to be sentenced in 1993, she was not sentenced until 1998 because she absconded for more than four years. Thus, any difficulty in refreshing witnesses' memories as to the quantity of heroin for which she is responsible—now dating back some 15 years— would be increased. Moreover, the cooperating witnesses and the other members of the conspiracy have already been convicted and sentenced, lessening the incentives of those persons to testify against Rivera if she were now to be tried. Accordingly, we decline to entertain Rivera's challenges to her conviction.

■ In challenging her sentence, Rivera contends principally that the district court erred in increasing her offense level pursuant to Guidelines § 3C1.1 for obstruction of justice and in refusing to reduce her offense level pursuant to Guidelines § 3B1.2 on the basis that she played a minor role in the conspiracy. We are unpersuaded.

Rivera contends that the obstruction enhancement was inappropriate because the district court did not conduct a hearing or make a finding that her flight was motivated by a specific intent to obstruct justice rather than by fear for her life and the lives of her children. We disagree. Although an obstruction enhancement is not appropriate unless the obstruction was "willful[ ]," Guidelines § 3C1.1, certain conduct, such as intentionally failing to appear as required at judicial proceedings, is so inherently obstructive of the administration of justice that it is sufficient that the defendant willfully engaged in the underlying conduct, regardless of her specific purpose. *See* Guidelines § 3C1.1 Application Note 4(e) (obstruction-of-justice enhancement may properly be imposed for "willfully failing to appear, as ordered, for a judicial proceeding"); *United States v. Reed*, 49 F.3d 895, 900 (2d Cir.1995); *United States v. Aponte*, 31 F.3d 86, 88 (2d Cir.1994) ("It is sufficient for these purposes that the defendant intended to fail to appear at a judicial proceeding, regardless of [her] reason for desiring to flee."). Here, there was no dispute that Rivera absconded just prior to the time she was to be sentenced and that she deliberately absented herself. We see no error in the obstruction adjustment.

■ Nor do we see any error in the court's refusal to decrease Rivera's offense level on the basis that she was a "minor participant in [the] criminal activity." Guidelines § 3B1.2(b). A "minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." *Id.* Application Note 3. The court's findings as to a defendant's role are reviewable only for clear error, *see, e.g., United States v. Castano*, 234 F.3d 111, 113 (2d Cir.2000); 18 U.S.C. § 3742(e), and the court's application of the Guidelines to the facts is entitled to deference, *see id.* Here, the record indicated that Rivera packaged the heroin being distributed and that she participated as well in transporting it to the distribution sites from which it was to be sold on the street. Further, Rivera indicated to the government prosecutors that she was privy to "detailed in-

formation about the leaders, managers and other participants in the drug conspiracy and their methods of operation," including the movement of drugs. (Rivera brief on appeal at 23; *see also* Rivera Motion Under 28 U.S.C. § 2255 To Vacate ... Sentence, No. S2–91–CR–685–31 (S.D.N.Y. Aug. 11, 2000) (stating that Rivera had given the government "detailed information about the organization she worked for the bosses, managers, organizers," and "specific information about amounts of material involved, and when people came in and out of the organization").) Given Rivera's responsibilities in the conspiracy and her proclaimed intimate knowledge of its operations and personnel, we see no clear error in the court's finding that Rivera did not play merely a minor role.

Finally, although Rivera contends that she was deprived of effective assistance of counsel at sentencing because her attorney failed to object that the Probation Department had revised her presentence report ("PSR") without interviewing her after she was recaptured, her factual premise is contradicted by the record. Although the revised PSR was originally prepared without consultation with Rivera, her attorney protested that fact, with the result that Rivera was then interviewed and allowed to state her position to the Probation Department for inclusion in the revised PSR. Accordingly, the ineffective-assistance-of-counsel claim is meritless.

We have considered all of Rivera's contentions that are properly before us and have found them to be without merit. The judgment of the district court is affirmed.