**UNITED STATES of America,**
**Appellee,**

v.

**Demeco Elijah DABNEY,**
**Defendant–Appellant.**

**Docket No. 05–1288.**

United States Court of Appeals,
Second Circuit.

Sept. 22, 2005.

Karen Rush Shingler, Law Offices of Karen Rush Shingler, Burlington, VT, for Appellant.

David V. Kirby, United States Attorney for the District of Vermont (John P. Tavana, Assistant United States Attorney), United States Attorney's Office for the District of Vermont, Burlington, VT, for Appellee, of counsel.

PRESENT: CARDAMONE, CABRANES and POOLER, Circuit Judges.

SUMMARY ORDER

Defendant Demeco Elijah Dabney appeals from a judgment in a criminal case, signed on March 11, 2005, following his plea of guilty to one count of conspiring to smuggle aliens into the United States in

violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). The District Court sentenced defendant principally to a term of fifteen months' imprisonment and two years' supervised release, in part by finding defendant to have willfully obstructed the administration of justice pursuant to United States Sentencing Guidelines § 3C1.1. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

Defendant challenges only his sentence on appeal, relying on two arguments. First, defendant contends that the District Court failed to acknowledge the advisory nature of the Sentencing Guidelines after the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), instead applying the Guidelines as if they remained mandatory and failing to give sufficient consideration to the factors outlined in 18 U.S.C. § 3553(a) as grounds for imposing a lesser sentence. Second, defendant argues that the District Court erroneously enhanced his sentence based on the Court's finding that defendant obstructed justice by traveling to Canada after his guilty plea without contacting any relevant authorities or intending to return to the United States for his scheduled sentencing date. In particular, defendant maintains that the District Court failed to conclude that he had acted with the specific intent to obstruct justice, and that, regardless, any such finding should not have been made by a judge, but by a jury.

█ Each of these contentions is without merit. First, the record shows that the District Court acknowledged explicitly that it had considered the factors listed in § 3553(a) and concluded that a sentence within the Guidelines range of fifteen to twenty-one months was appropriate based on an independent assessment made by the Court. As the District Court stated at the conclusion of defendant's sentencing hearing:

> Now, for the record, I have also reviewed all of the conditions under section 3553(a) of Title 18 and find that a sentence at the low end of the applicable guideline range is the appropriate sentence in this particular case, and as a result, I am not going to adjust. That's the applicable-*that's the appropriate sentence in this particular case.* And I would note that the sentencing commission has considered virtually all of the factors, *but I am making an independent assessment,* and I think that's the appropriate sentence.

Sentencing Tr. 44, Mar. 7, 2005 (emphases added). Although the District Court did not parse each statutory factor on the record, defendant's characterization of this statement as nothing more than a "passing reference" to the Court's obligation to consider the factors listed in § 3553(a) is unavailing. *See United States v. Crosby,* 397 F.3d 103, 113 (2d Cir.2005) (noting that this Court has "refrained from imposing any rigorous requirement of specific articulation by the sentencing judge" and that "we will no more require 'robotic incantations' by district judges than we did when the Guidelines were mandatory"); *cf. United States v. Fleming,* 397 F.3d 95, 100 (2d Cir.2005) ("As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred.").

█ Defendant also challenges the District Court's enhancement of his sentence for obstruction of justice, arguing, first, that the facts do not support a finding that he acted willfully and, second, that, in any event, the Sixth Amendment requires such

a finding be made by a jury rather than a judge. Defendant's position lacks support in either the facts or the law. As this Court emphasized in *Crosby, Booker* permits the use of judicial fact-finding under an advisory Guidelines regime. *Crosby,* 397 F.3d at 112 ("[W]ith the mandatory use of the Guidelines excised, the traditional authority of a sentencing judge to find all facts relevant to sentencing will encounter no Sixth Amendment objection."). Nor was it erroneous for the District Court to conclude that defendant willfully intended to obstruct justice by traveling to Canada in violation of his conditions of release. *Compare United States v. Aponte,* 31 F.3d 86, 88 (2d Cir.1994) ("It is sufficient ... that the defendant intended to fail to appear at a judicial proceeding, regardless of his reason for desiring to flee."), *with United States v. Woodard,* 239 F.3d 159, 163 (2d Cir.2001) (noting that "the district court here made no reviewable finding that [defendant] fled the jurisdiction with the intent of interfering with a judicial proceeding or obstructing justice in any other way."). Defendant's post-arrest statements to Canadian authorities, his utter failure to contact any U.S. authorities while he had absconded, and the "somewhat fanciful" nature of defendant's explanation for his decision to leave for Canada all supported the District Court's finding that defendant had no intent to return to the United States for sentencing and therefore had willfully engaged in obstruction of justice. *See* Sentencing Tr. 18, Mar. 7, 2005 ("[W]hen one goes to a foreign country and has no more contact with anyone within the court system, it is fair to assume that he doesn't want to come back. And that is, in my view, evidence of willfully obstructing justice, because he is not going to come back for sentencing."); *id.* at 39–40 (concluding that defendant "has willfully violated orders of this Court" and that "his conduct indicates a pattern of failing to abide by conditions of release, finally being released by this Court, and then willfully absconding from this jurisdiction").

Accordingly, we conclude that the District Court did not err in sentencing defendant.

\*     \*     \*     \*     \*     \*

We have considered all of defendant's arguments and have found each of them to be without merit. Accordingly, the judgment of the District Court is hereby AFFIRMED.