UNITED STATES of America,
Appellee,

v.

Gregory M. ROSE, Inthanousone Borihane, Defendants–Appellants.

Nos. 05–4919–cr(L), 05–5216–cr(CON).

United States Court of Appeals,
Second Circuit.

Oct. 25, 2007.

Bruce R. Bryan, Syracuse, NY, for Defendant–Appellant Gregory M. Rose. Devin McLaughlin, Langrock Sperry and Wool, Middlebury, VT, for Defendant–Appellant Inthanousone Borihane, for Appellants.

Glenn T. Suddaby, United States Attorney for the Northern District of New York, Syracuse, NY, William C. Brown, Attorney, Criminal Division of the United States Department of Justice, Washington, D.C., for Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. JOSEPH M. McLAUGHLIN and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Gregory M. Rose appeals from a judgment of conviction and sentence of 1,081 months based on one count of conspiracy in violation of 18 U.S.C. § 371, four counts of bank robbery in violation of 18 U.S.C. § 2113(a), and four firearms counts under 18 U.S.C. § 924(c) ("Section 924(c)"). Defendant-appellant Inthanousone Borihane appeals from a sentence of 594 months following his pleas of guilty to conspiracy in violation of 18 U.S.C. § 371, four counts of bank robbery in violation of 18 U.S.C. § 2113(a), and two firearms counts under Section 924(c). All of these convictions arose out

of a series of armed bank robberies committed between October 2003 and February 2004. We assume the familiarity of the parties and counsel with the facts of this case, the prior proceedings in the district court, and the issues now raised on appeal.

We decline to consider Rose's contention that he was denied effective assistance of counsel at trial and with respect to his guilty plea. In this case, we conclude that these claims are not suited to direct review. *See Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) ("[I]n most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance.").

 We find without merit Rose's contention that his sentence on the Section 924(c) counts, because of its length, constitutes cruel and unusual punishment. "Lengthy prison sentences, even those that exceed any conceivable life expectancy of a convicted defendant, do not violate the Eighth Amendment's prohibition against cruel and unusual punishment when based on a proper application of the Sentencing Guidelines or statutorily mandated consecutive terms." *United States v. Yousef,* 327 F.3d 56, 163 (2d Cir.), *cert. denied,* 540 U.S. 933, 124 S.Ct. 353, 157 L.Ed.2d 241 (2003).

Rose's contention in his pro se brief that he cannot be convicted of four Section 924(c) violations is also without merit. The proper unit of prosecution for a Section 924(c) offense is the underlying offense. *See United States v. Lindsay,* 985 F.2d 666, 674 (2d Cir.), *cert. denied,* 510 U.S. 832, 114 S.Ct. 103, 126 L.Ed.2d 70 (1993). Here, Rose's four Section 924(c) convictions arose out of four separate bank robberies, and the convictions were therefore proper.

Rose's contention in his pro se brief that the evidence was insufficient to support his convictions under Section 924(c) is also without merit. The evidence at trial showed Rose's substantial involvement in planning the robberies and in facilitating the use of firearms in connection with those robberies. All four of his Section 924(c) convictions are proper on a *Pinkerton* theory of liability. *See Pinkerton v. United States,* 328 U.S. 640, 646–48, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); *see also United States v. Masotto,* 73 F.3d 1233, 1240 (2d Cir.), *cert. denied,* 519 U.S. 810, 117 S.Ct. 54, 136 L.Ed.2d 18 (1996).

Rose's final two contentions in his pro se brief are also without merit. There is no objective evidence of vindictive or selective prosecution. Additionally, the district court did not impose a five-level brandishing enhancement under U.S.S.G. § 2B3.1(b)(2)(C), but rather applied a five-level enhancement as a multiple-count adjustment under U.S.S.G. § 3D1.4, which was proper.

 With regard to Borihane, the district court properly applied an obstruction of justice enhancement to his offense level under U.S.S.G. § 3C1.1. The district court's finding that Borihane attempted to escape prior to sentencing was not clearly erroneous. The district court was not required to find that Borihane had the specific intent to obstruct justice to find an obstruction of justice for these purposes because an attempted escape before trial or sentencing is conduct that "is so inherently obstructive of the administration of justice that it is sufficient that the defendant willfully engaged in the underlying conduct, regardless of his specific pur-

pose." *United States v. Reed,* 49 F.3d 895, 900 (2d Cir.1995); *see also United States v. Aponte,* 31 F.3d 86, 88 (2d Cir.1994).

Finally, Borihane's contention that the district court improperly sentenced him to seven years under 18 U.S.C. § 924(c)(1)(A)(ii) because the fact that he "brandished" a firearm was not alleged in the indictment is foreclosed by the Supreme Court's decision in *Harris v. United States,* 536 U.S. 545, 568, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002). Borihane contends that *Harris* has been effectively overruled by *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). But this court must adhere to Supreme Court precedent unless and until the Supreme Court itself explicitly overrules it. *See State Oil Co. v. Khan,* 522 U.S. 3, 20, 118 S.Ct. 275, 139 L.Ed.2d 199 (1997).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.