20-4142-cr (L)
*United States v. Daciann Dionne Brown*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand twenty-one.

Present:     GUIDO CALABRESI,
             DENNY CHIN,
             WILLIAM J. NARDINI,
                  *Circuit Judges*,

---

UNITED STATES OF AMERICA,

             *Appellee*,

             v.                                    20-4142-cr, 20-4143-cr

DACIANN DIONNE BROWN, AKA BRANDY
LOVETTE WEBB,

             *Defendant-Appellant*.

---

For Appellee:                    Monica J. Richards, Assistant United States
                                 Attorney, *for* James P. Kennedy, Jr., United States
                                 Attorney, Western District of New York, Buffalo,
                                 NY

For Defendant-Appellant:         Scott M. Green, Law Office of Scott Green,
                                 Rochester, NY

Appeal from a judgment of the United States District Court for the Western District of New York (Frank P. Geraci, Jr., *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Daciann Dionne Brown appeals from a judgment of the United States District Court for the Western District of New York (Frank P. Geraci, Jr., *J.*) sentencing her principally to concurrent terms of 46 months of imprisonment on one count of wire fraud,[1] one count of making false claims,[2] one count of fraud related to identification documents,[3] and one count of failing to appear for sentencing.[4] We assume the reader's familiarity with the record.

On appeal, Brown argues that the district court committed three errors in connection with her sentencing by (1) applying a two-level enhancement to her offense level for obstruction of justice under U.S.S.G. § 3C1.1; (2) declining to apply a three-level reduction for acceptance of responsibility under U.S.S.G. §3E1.1; and (3) failing to explain adequately its reasoning for declining to impose a non-Guidelines sentence. We disagree and affirm the judgment of the district court.

## I.    Obstruction of Justice

On May 9, 2018, Brown pled guilty to wire fraud, making a false claim, and fraud related to identification documents. The district court scheduled a sentencing hearing for August 28, 2018, but Brown failed to attend. She was arrested on June 3, 2020, and later pled guilty to one additional count of failing to appear. At her sentencing for all four offenses, the district court grouped all counts under U.S.S.G. § 3D1.2(c) and applied a two-level enhancement for obstruction of justice. *See* U.S.S.G. § 3C1.1 ("If . . . the defendant willfully obstructed or impeded . . . the administration of justice with respect to the . . . sentencing of the instant offense of conviction, and . . . the obstructive conduct related to . . . the defendant's offense of conviction . . . increase the offense level by 2 levels."). "On review of a district court's decision to enhance a defendant's sentence for obstruction of justice, we accept the court's findings of facts unless they are clearly erroneous. We review *de novo* a ruling that the established facts constitute obstruction of justice, giving due deference to the district court's application of the guidelines to the facts." *United States v. Pena*, 751 F.3d 101, 105 (2d Cir. 2014) (internal citations and quotation marks omitted).

Brown contends that the obstruction enhancement was inapplicable because she did not act "willfully" within the meaning of the Guidelines provision. We have held that the enhancement under U.S.S.G. § 3C1.1 applies only where the court finds "that the defendant consciously acted with the purpose of obstructing justice." *Id.* at 105 (cleaned up). Brown claims that she did not act willfully in failing to appear because she was motivated by the need to take care of her mother and children. But "it is sufficient [for purposes of § 3C1.1] that the defendant intended to fail to appear at a judicial proceeding, regardless of [her] reason for desiring to flee." *United States v. Aponte*, 31 F.3d 86, 88 (2d Cir. 1994). In pleading guilty, Brown expressly admitted that her failure to appear was knowing and willful, App'x at 103, and the district court found as much again

---

[1] In violation of 18 U.S.C. § 1343.

[2] In violation of 18 U.S.C. § 287.

[3] In violation of 18 U.S.C. § 1028(a)(7), (b)(2)(B).

[4] In violation of 18 U.S.C. § 3146(a)(1), (b)(1)(A)(i).

at sentencing. App'x at 160. The two-level enhancement for obstruction of justice was therefore appropriate.

## II.   Acceptance of Responsibility

Brown next asserts that the district court erred when it refused to provide a three-level reduction in her offense level for acceptance of responsibility under U.S.S.G. § 3E1.1.[5] "[A] district court's determination whether a defendant is entitled to credit for acceptance of responsibility merits great deference because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility . . . ." *United States v. Nouri*, 711 F.3d 129, 146 (2d Cir. 2013) (internal quotation marks omitted). Accordingly, "it should be upheld unless it is without foundation." *Id.* (internal quotation marks omitted). A comment to the Sentencing Guidelines states that "[c]onduct resulting in an enhancement under § 3C1.1 . . . ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." U.S.S.G. § 3E1.1, cmt. n.4. Brown offers no basis to conclude that this is the type of "extraordinary case" that the Commission contemplated. She pled guilty to three serious charges, then absconded for nearly two years. The district court's refusal to grant a sentencing reduction for acceptance of responsible was entirely appropriate.

## III.   Adequacy of Explanation

Finally, Brown argues that the district court erred by failing to adequately explain why it declined to impose a non-Guidelines sentence. We review a district court's sentencing determination for procedural and substantive reasonableness under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007). A district court commits procedural error where, for example, (1) "it fails to calculate the Guidelines range (unless omission of the calculation is justified)"; (2) "it does not consider the § 3553(a) factors"; or (3) "it fails to adequately explain its chosen sentence" or fails to "include an explanation for any deviation from the Guidelines range." *Id.* at 190 (internal quotation marks omitted). Where, as here, the defendant fails to raise any procedural objections during the sentencing hearing, we review for plain error. *See United States v. Villafuerte*, 502 F.3d 204, 211 (2d Cir. 2007)). "To demonstrate plain error, a defendant must show (1) error, (2) that is plain at the time of appellate review, and (3) that affects substantial rights. Where these conditions are met, we have the discretion to notice a forfeited error if (4) it

---

[5] That Guidelines section provides:

(a)    If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b)    If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1. In the parties' plea agreements, the Government agreed to make the requisite motion for an additional one-level reduction.

seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Regalado*, 518 F.3d 143, 147 (2d Cir. 2008) (internal quotation marks omitted). "When the district court imposes a Guidelines sentence, it may not need to offer a lengthy explanation." *Villafuerte*, 502 F.3d at 210. Even where a defendant makes a non-frivolous argument for a non-Guidelines sentence, the district court need not "address every argument the defendant has made or discuss every § 3553(a) factor individually." *Id.*

We discern no error—much less plain error—in the district court's explanation for the sentence it imposed. The court explicitly considered Brown's background, her familial obligations, her other personal characteristics, the nature and seriousness of her offense, the need for deterrence, and the immigration consequences that she would likely face upon release. It then selected a sentence at the lowest end of the Guidelines range. The district court's discussion was more than adequate to discharge its duty under 18 U.S.C. § 3553(c) ("The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence . . . .").

\* \* \*

We have considered Brown's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4