22-1404-cr
United States v. Johnson

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of September, two thousand twenty-four.

PRESENT: JOHN M. WALKER, JR.,
RAYMOND J. LOHIER, JR.,
MICHAEL H. PARK,
    *Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

    *Appellee,*

    v.                    No. 22-1404-cr

MARCUS JOHNSON,

    *Defendant-Appellant.*

------------------------------------------------------------------

FOR APPELLANT: David Morabito, Law Office of David R. Morabito, Esq., East Rochester, NY

FOR APPELLEE: Katherine A. Gregory, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY

Appeal from a judgment of the United States District Court for the Western District of New York (Elizabeth A. Wolford, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant Marcus Johnson appeals from a June 27, 2022 judgment of the United States District Court for the Western District of New York (Wolford, *C.J.*) convicting him, following a guilty plea pursuant to a plea agreement, of one count of using a communication facility to commit or facilitate the commission of a federal drug felony in violation of 21 U.S.C. § 843(b). The District Court sentenced Johnson principally to 48 months' imprisonment. We assume the parties' familiarity with the underlying facts, the record of prior proceedings, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

Johnson challenges the procedural reasonableness of his sentence.   He argues that the District Court erred in calculating the Sentencing Guidelines because it applied an obstruction of justice enhancement and denied a downward adjustment for acceptance of responsibility.

"A district court commits procedural error where it makes a mistake in its Guidelines calculation . . . or rests its sentence on a clearly erroneous finding of fact."   *United States v. Wernick*, 691 F.3d 108, 113 (2d Cir. 2012) (quotation marks omitted).   We review the District Court's sentencing judgment for procedural unreasonableness under a "deferential abuse-of-discretion standard."   *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (in banc) (quotation marks omitted).

In calculating Johnson's offense level, the District Court found that while on release pending sentencing, Johnson cut off his GPS monitor, fled supervision, and failed to appear for required proceedings.   He was apprehended five months later in an apartment in which authorities discovered bags of cocaine, a firearm, additional ammunition, U.S. currency, and Johnson's personal identification documents.   The District Court determined that Johnson's conduct merited a two-level enhancement under § 3C1.1 of the United States Sentencing

3

Guidelines (the "Guidelines" or "U.S.S.G."), even accepting Johnson's explanation that he went into hiding because he feared for his safety. The District Court also found that the same conduct demonstrated that Johnson had failed to accept responsibility for his actions and was thus not entitled to a downward adjustment under U.S.S.G. § 3E1.1.

We find no error in the District Court's factual findings or application of the Guidelines. With respect to the obstruction of justice enhancement, the fact that a "defendant intended to fail to appear at a judicial proceeding, regardless of his reason for desiring to flee," is "sufficient to support imposing an obstruction enhancement pursuant to § 3C1.1." *United States v. Aponte*, 31 F.3d 86, 88 (2d Cir. 1994) (quotation marks omitted). The District Court therefore did not abuse its discretion in determining that Johnson's conduct qualified as willful obstruction because he remained a fugitive for over five months and engaged in further criminal activity during that time.

The District Court also acted within its discretion when it found that Johnson had failed to accept responsibility. The District Court had expressly warned Johnson that violating any of the terms of his release — including committing further criminal conduct — would signal that he had not accepted

4

responsibility. "The reduction for acceptance of responsibility is unavailable, absent 'extraordinary circumstances,' to a defendant properly found to merit an obstruction-of-justice enhancement." *United States v. McGrain*, 105 F.4th 37, 44 (2d Cir. 2024) (quotation marks omitted); *see* U.S.S.G. § 3E1.1 cmt. n.4. This is not an "extraordinary" case. *McGrain*, 105 F.4th at 44. Here, the record demonstrates that "the events that triggered the two-level obstruction enhancement . . . also provided a sound basis on which to deny any acceptance of responsibility reduction." *United States v. Champion*, 234 F.3d 106, 110 (2d Cir. 2000). We therefore reject Johnson's procedural reasonableness challenge.

**CONCLUSION**

We have considered Johnson's remaining arguments, including with respect to his plea, and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5